ment. October 20, 1916.) Appeal from Court of Special Sessions, New York County. Abraham Goldstein was convicted of the misdemeanor of violating Penal Law, § 2354, subd. 8, and he appeals. Reversed, and prisoner discharged from custody.

PER CURIAM. We are of opinion that the defendant committed no act in violation of section 2354, subd. 8, of the Penal Law, as added by Laws 1914, c. 332, under which he was convicted. The judgment is therefore reversed, and the prisoner discharged from custody. Settle order on notice.

PEOPLE of the State of New York, respondents, v. Marx HARTMAN, appellant. (Actions Nos. 1 and 2.) (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgments of conviction of the Court of Special Sessions affirmed. No opinion. Thomas, Carr, Rich, and Putnam, JJ., concur. Jenks, P. J., not voting.

PEOPLE of the State of New York, respondents, v. James HEANEY, appellant. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Judgment of conviction of the County Court of Queens County affirmed. No opinion. Jenks, P. J., and Carr, Stapleton, Rich, and Putnam, JJ., concur.

PEOPLE of the State of New York, respondents, v. James HEFFRON, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) The testimony offered to show prior inconsistent statements of the witness Haslett was not collateral to the issue. If competent, its importance was great. It was excluded expressly by the trial court upon an untenable theory. We think that the exclusion of this evidence worked injury to the defendant. Judgment of conviction and orders reversed, and a new trial granted. Thomas, Carr, Rich, and Putnam, JJ., concur. Jenks, P. J., not voting.

PEOPLE of the State of New York, respondents, v. GABRIELLE IANNOTTA, appellant. (Supreme Court, Appellate Division, Second Department. September 29, 1916.) Judgment of conviction of the County Court of Kings County affirmed by default. Jenks, P. J., and Carr, Mills, Rich, and Putnam, JJ., concur.

PEOPLE of the State of New York, respt., v. LOON LAKE CLUB et al., applts. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Orders affirmed, with $10 costs and disbursements. All concur.

PEOPLE of State of New York, respt., v. Emma J. LUDWIG, applt. (Supreme Court, Appellate Division, Fourth Department. October 18, 1916.) Appeal dismissed upon stipulation filed.

PEOPLE of the State of New York, respt., v. Albert E. McVEA, applt. (Supreme Court, Appellate Division, Fourth Department. October 4, 1916.) Judgment of conviction affirmed. All concur.

PEOPLE of the State of New York, respondents, v. David MENDOZA, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Thomas, Carr, Rich, and Putnam, JJ., concur. Jenks, P. J., not voting.

PEOPLE of the State of New York, respondents, v. Paul MILLER, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment of conviction of the Court of Special Sessions affirmed. No opinion. Thomas, Carr, Rich, and Putnam, JJ., concur. Jenks, P. J., not voting.

PEOPLE, etc., v. Samuel RIPSTEIN. (Supreme Court, Appellate Division, First Department. October 13, 1916.) Motion granted. Order filed.

PEOPLE of the State of New York, respondents, v. Alexander SILVERMAN, etc., appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Motion denied.

PEOPLE of the State of New York, respondents, v. Alexander SILVERMAN, etc., appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) The defendant took the stand as a witness, and inquiry was made of him as to the commission by him of crimes separate and distinct from those alleged in the indictment. He denied the commission of those crimes. A witness, who was a prosecuting officer, was permitted to testify that, in a confession wherein the defendant admitted the commission of the crimes for which he was indicted, the defendant admitted that he committed the separate and distinct crimes which upon the stand he denied he committed. We think the reception of this evidence is reversible error. People v. Loomis, 178 N. Y. 400, 70 N. E. 919; People v. De Garmo, 179 N. Y. 130, 71 N. E. 736; People v. Sekeson, 111 App. Div. 490, 97 N. Y. Supp. 917; People v. Irving, 95 N. Y. 541, 543. Judgment of conviction of the County Court of Kings County, and order reversed, and new trial ordered. Thomas, Carr, Stapleton, and Mills, JJ., concur. Rich, J., not voting.

PEOPLE of the State of New York, respondents, v. Isidore SITKOFF, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment of conviction affirmed. No opinion. Carr, Stapleton, Mills, and Rich, JJ., concur. Jenks, P. J., not voting.

PEOPLE of the State of New York, respondents, v. Margaret SMITH, appellant. (Supreme Court, Appellate Division, Second Department. July 28, 1916.) Judgment of conviction of the County Court of Kings County reversed, and a new trial ordered, on the ground that the witness giving direct evidence was an accomplice as a matter of law, and that there was no other evidence tending to connect the defendant with the commission of the crime. Jenks, P. J., and Thomas, Stapleton, Mills, and Putnam, JJ., concur.